CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 20 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCINTYRE, | ) | CASE NO. 3:08CV00029 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| AETNA LIFE INSURANCE COMPANY, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

Before the court, under authority of 28 U.S.C. § 636(b)(1)(A), is plaintiff's October 23, 2008 Petition for Attorney's Fees and Costs ("Petition") and the plaintiff's November 10, 2008, Supplemental Petition for Attorney's Fees and Costs ("Supplemental Petition"). For the reasons set forth below, an Order will enter GRANTING, in part, and DENYING, in part, both petitions and AWARDING plaintiff the sum of $20,850.00 in attorney's fees and $462.30 in costs, which award is to be made part of the presiding's District Judge's final judgment in this case.

## BACKGROUND

This action was filed pursuant to Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). The parties filed cross-motions for summary judgment. (Dkt. Nos. 13, 15.) The court granted plaintiff's motion for summary judgment and his request for attorney's fees and costs. (Dkt. No. 27.) Plaintiff was directed to file a petition for attorney's fees and costs and to submit a proposed order of judgment calculating the back benefits and pre- and post- judgment interest due as of the date of judgment. (Dkt. No. 26, pp. 1, 20; Dkt. No. 27.) That portion of the court's grant of judgment relating to attorney's fees and costs is now before the undersigned.

On October 23, 2008, plaintiff filed his initial Petition, attaching thereto declarations from other attorneys in support of the fees sought by plaintiff's counsel. (Dkt. No. 28.) Plaintiff also filed a Petition for Order of Judgment in conformity therewith. (Dkt. No. 29.) In his Petition for Attorney's Fees and Costs, plaintiff seeks an award of $20,940 in attorney's fees, representing 69.8 hours of service at $300.00 per hour, and $462.30 in costs incurred for filing fees and computer research through October 22, 2008. (Dkt. No. 29, p. 1.)

By Order entered on October 24, 2008, the defendant was given until November 4, 2008 to file any objections to the Petition and the proposed Order of Judgment. (Dkt. No. 30.) On November 4, 2008, defendant filed objections only to the amount of attorney's fees sought and objecting to the balance of the proffered Order of Judgment. (Dkt. No. 31.) Defendants' objections are two-fold: First, it does not believe plaintiff is entitled to attorney's fees for the 12.9 hours ($3,870.00) spent between April 19, 2007 and May 27, 2008, in what defendant characterizes as the "pre-litigation" administrative process. (Dkt. No. 32, pp. 1-2, 4.) Second, defendant complains that plaintiff's counsel engaged in "block billing," which "lumps" multiple tasks into a single entry, a practice defendant believes the federal courts have disapproved in fee-shifting cases. (Dkt. No. 32, pp. 2, 5-6.) Defendant argues that any such blocked or lumped time should be excluded and asks the court to deduct from plaintiff's claim the sum of $10,440.00, which it believes represents such blocked or lumped time. (Dkt. No. 32, pp. 5-6.) All tolled, defendant asks the court to reduce plaintiff claim for attorney's fees by $13,710.00, allowing recovery of $7,230.00 of the $20,940.00 sought in the Petition. (Dkt. No. 32, p. 6.) Defendant does not contest the $462.30 in costs claimed by plaintiff.

On November 10, 2008, plaintiff filed Mr. McIntyre's Brief in Reply to Defendant's Brief

in Opposition to Plaintiff's Petition for Attorney's Fees and Costs ("Reply") (Dkt. No. 33) in which he detailed his opposition to each of the objections offered by defendant. Likewise, on November 10, 2008, plaintiff filed his Supplemental Petition, together with a second declaration from plaintiff's counsel, John Davidson. (Dkt. No. 34.) In this Supplemental Petition, plaintiff seeks an award of additional attorney's fees in the amount of $3,450 (11.5 hours at $300.00 per hour) incurred as the result of filing a reply to defendant's November 4, 2008 objections.

On November 18, 2008, plaintiff filed an Amended Petition for Order of Judgment. (Dkt. No. 35.) If entered, the Order would provide recovery of an additional month's back pay, an additional month's interest, the full amount of supplemented attorney's fees sought in the two petitions and the unchallenged costs. (Dkt. No. 35, p. 2.)

## FINDINGS AND CONCLUSIONS

### Fees Incurred During Pre-litigation Administrative Process

While it is not the universal rule among the circuits, in this circuit at least, attorney's fees incurred in pre-litigation administrative proceedings are not compensable under ERISA. *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003). Specifically, fees and expenses incurred "while exhausting administrative remedies" are not recoverable under 29 U.S.C. § 1132(g)(1). *Id.* The question then becomes how much, if any, of the fees incurred by plaintiff represent counsel's efforts while exhausting administrative remedies.

Defendant would have the court exclude all fees incurred prior to the date the Complaint actually was filed. That view is far too restrictive under *Rego*, for exhaustion of administrative remedies is complete once the final administrative decision has been rendered. Nothing more can be done before the administrative body to effectuate a favorable decision for the client. The

3

only resort is to litigation, including securing client consent to proceed and preparing the pleadings and other papers necessary to institute litigation. Any time spent by counsel along these lines inextricably would be linked to litigation, not the administrative process.

Thus, the undersigned finds that the 8.9 hours time spent by counsel between April 19, 2007 and February 21, 2008, inclusive, were devoted to administrative proceedings through the final administrative appeal to Aetna. Once notice of the final adverse decision was received, counsel turned his attention to seeking a remedy on judicial review and began devoting his time to those efforts linked to litigation, including meeting with his client and preparing and filing the pleadings in pursuit of judicial review. From and including March 14, 2008, forward, counsel's efforts pertained to litigation in the courts, not the pre-litigation administrative process. The sum of $2,670.00 (8.9 hours at $300.00 per hour) will be deducted from the fees sought in the Petition, as fees pertaining to pre-litigation administration proceedings, but the balance would be compensable subject, of course, to any other valid objection the defendant may assert. To this extent, the defendant's objection to pre-litigation fees is SUSTAINED, in part, and DENIED, in part.

### Block Billing or Lumping of Time Entries

The defendant's objection that all of plaintiff's billing entries amount to "block-billing" or "lumping of time entries" is OVERRULED.

Defendant relies mainly on out-of-circuit authorities to assert that the practice of block billing is "'universally disapproved'" because it camouflages the work a lawyer normally does, thus raising suspicions about the reasonableness and necessity of the work reported. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1284-1285 (10th Cir. 1998); *Miller v. Woodharbor*

4

*Molding & Millwork, Inc.*, 174 F.3d 948, 949-950 (8th Cir. 1999). While pointing out the effects of block billing and the reasons courts have not taken kindly to it, defendant conspicuously has omitted the definition given the term by the very courts cited as rejecting the practice. The term has been defined as "'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Robinson*, 160 F.3d at 1284 n.9 (quoting *Harold Stores, Inc. v. Dillards Dep't Stores, Inc.*, 82 F.3d 1533, 1544 n.15 (10th Cir. 1996)).

The undersigned is of the view that there is a marked distinction between block billing, on the one hand, and on the other hand, setting aside block periods of time in a given day to perform various discrete tasks on behalf of the client. *See Friends of the Earth, Inc. v. Gaston Cooper*, 2007 WL 2363868 (D.S.C. 2007), decided under the Clean Water Act, 33 U.S.C. § 1251, *et seq*. The former may mask or camouflage a lawyer's work. The latter simply reflects counsel's time management choice which does not mask or camouflage counsel's work because the discrete tasks performed during that period of time are revealed.

Davidson's Declaration reflects that his billing is based on minimum time units of one-tenth of an hour. While Davidson's summary of time spent, upon a cursory glance, could appear as block billing, a more careful examination of the billing summary itself, as well as plaintiff's November 10, 2008 Reply, demonstrates that block billing was not employed by plaintiff's counsel in this case. Instead, the daily entries reflect the tasks Davidson performed during defined or blocked periods of time on those days identified in Davidson's billing summary. This finding is illustrated by entries reflecting that, whenever Davidson spent more than a blocked period of time per day devoted to listed case-related tasks, he separately accounted for each task

5

performed on that same day. Such examples are seen in the entries on August 7, 2008, September 29, 2008 and October 22, 2008. Accordingly, the undersigned concludes that defendant's objection to what it characterizes as block billing is OVERRULED.

**Supplemental Petition**

There is no question that the fees sought in the Supplemental Petition are related to litigation and, thus, fall within the ambit of the fee-shifting provisions of ERISA. The only question for the undersigned is whether plaintiff should recover for counsel's work on that portion of the Reply devoted to pre-litigation fees.

Davidson's Declaration reveals that 2.9 additional hours were spent researching and briefing the *Rego* issue. Plaintiff's Reply essentially asks the court to limit *Rego* to its facts which, in the undersigned's view is much too narrow an interpretation, and which, if followed, would represent a change in the law of this circuit. The undersigned declines to award fees for those 2.9 hours of services but concludes that the balance of supplemental time spent, namely 8.6 hours is compensable. Accordingly, plaintiff will be awarded an additional $2,580.00 (8.6 hours at $300.00 per hour) for supplemental time spent by plaintiff's counsel replying to the defendant's objections.

**Summary**

For the reasons set forth above the undersigned hereby AWARDS plaintiff attorney's fees in the amount of $20,850.00 which reflects the following calculations: a) $20,940.00 less $2,670.00 related to pre-litigation administrative proceedings under the original Petition ($18,270.00); and b) $3,450 less the $870.00 attributable to the *Rego* issue under plaintiff's Supplemental Petition ($2,580.00). Plaintiff also hereby is AWARDED $462.30 in uncontested
6

costs. An Order will enter accordingly.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ *signature*
U.S. Magistrate Judge

11-20-08
Date

7

Case 3:08-cv-00029-NKM-BWC   Document 36   Filed 11/20/08   Page 7 of 7   Pageid#: 361