CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 28 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER MCINTYRE,<br><br>*Plaintiff,*<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>*Defendant.* | CIVIL ACTION No. 3:08-CV-00029<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon consideration of Defendant's Motion to Vacate Opinions and Orders (docket no. 55), requesting

> that the Court issue a Memorandum indicating in writing that it is inclined to vacate the Court's Opinions and Orders dated October 8, 2008 and November 20, 2008, and its Judgment Order of November 21, 2008[1] and to release to Aetna's counsel the original Supersedeas Bond filed by the Court's Agreed Order Approving Supersedeas Bond dated February 23, 2009, and, upon remand of this matter from the United States Court of Appeals for the Fourth Circuit, to enter an Order vacating those Opinions and Orders. . . .

For the reasons that follow, the Court will deny Defendant's Motion.

By counsel, Plaintiff Christopher R. McIntyre filed this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461, seeking recovery of long term disability benefits. By Memorandum Opinion and Order entered on October 8, 2008, I granted summary judgment in favor of Plaintiff and denied Defendant's motion for summary

---

[1] United States Magistrate Judge B. Waugh Crigler issued the Memorandum Opinion and Order (docket nos. 36 & 37) of November 20, 2008. The Magistrate Judge's Memorandum Opinion and Order granted, in part, and denied, in part, Plaintiff's Petition for Attorney's Fees and Costs and Supplemental Petition for Attorney's Fees and Costs. Judge Crigler's award to Plaintiff of $20,850.00 in attorney's fees and $462.30 in costs were explicitly incorporated into my Judgment Order of November 21, 2008.

judgment. On November 21, 2008, I issued a Judgment Order in this case, awarding judgment as follows:

1. Plaintiff was awarded $71,957.50 in back benefits.

2. Plaintiff was awarded $4,487.60 in pre-judgment interest calculated at the rate of 6 percent per annum.[2]

3. Plaintiff was awarded $20,850.00 in attorney's fees and $462.30 in costs.

4. Plaintiff was awarded post-judgment interest, at the rate of 1.12 percent,[3] on the awards of $71,957.50 in back benefits, $4,487.60 in pre-judgment interest, $20,850.00 in attorney's fees, and $462.30 in costs.

5. Defendant was directed to resume the payment of Plaintiff's monthly benefits beginning December 1, 2008, and to continue payment henceforth in accordance with the Court's October 8, 2008, grant of summary judgment.

On December 12, 2008, Defendant filed a notice of appeal, and the matter is currently pending at the United States Court of Appeals for the Fourth Circuit. However, the parties state that they have now obtained a settlement. Defendant requests that the Court vacate its Memorandum Opinion and Order of October 8, 2008; the Magistrate Judge's Memorandum Opinion and Order of November 20, 2008; this Court's Judgment Order of November 21, 2008; and that the original Supersedeas Bond filed by Defendant be released to Defendant's counsel. Defendant states that,

---

[2] Pursuant to Virginia Code § 6.1-330.54, the pre-judgment interest rate is 6 percent. *See also Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017, 1030-31 (4th Cir. 1993).

[3] The interest rate of 1.12 percent is the weekly average 1-year constant maturity treasury yield for the week ending November 14, 2008, published by the Board of Governors of the Federal Reserve System at http://www.federalreserve.gov/releases/h15/current/. *See* 28 U.S.C. § 1961(a). Interest shall be calculated from the date of entry of the instant judgment order. *Id.*

> [w]hile vacature [sic] of the Court's Memorandum Opinions and Orders of October 8, 2008 and November 21, 2008 is not a condition of the settlement, the filing of this Motion for an indicative ruling is a condition of [Defendant's] consent to the settlement agreement. . . . as is the parties' joint request for the vacature [sic] of the Court's Judgment Order dated November 21, 2008, and the release of the original Supersedeas Bond from the Court file to Aetna's counsel as part of this settlement.

Plaintiff has filed a response to the instant motion, wherein he takes no position other than joining in moving for the release of the supersedeas bond and the vacatur of the final Judgment Order "because this matter has settled on appeal."

The Memorandum Opinion and Order of October 8, 2008, is reported as *McIntyre v. Aetna Life Ins. Co.*, 581 F. Supp. 2d 749 (W. D. Va. 2008), and the matter is currently pending on appeal to the Fourth Circuit.

In *Fobian v. Storage Technology Corporation*, the Fourth Circuit held that a district court has jurisdiction to entertain a Federal Rule of Civil Procedure 60(b) motion during the pendency of an appeal of a final judgment order:

> [W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose.

164 F.3d 887, 891 (4th Cir.1999). This Court therefore has jurisdiction to entertain Defendant's Motion during the pendency of the appeal.

Rule 60(b) sets forth the circumstances in which a court may relieve a party of a final judgment or order. Fed. R. Civ. P. 60(b). While Rules 60(b)(1)-(5) enumerate five narrow circumstances in which relief may be appropriate, Rule 60(b)(6) is an open-ended provision that

permits a court to grant relief from a final judgment or order for "any other reason that justifies relief." *Id.* Courts in the Fourth Circuit interpret Rule 60(b)(6) narrowly, granting relief only under "extraordinary circumstances," and applying a general presumption against vacatur when a case has been fully briefed, argued, and decided by a written opinion. *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118, 121 (4th Cir. 2000); *Neumann v. Prudential Ins. Co. of Am.*, 398 F. Supp. 2d 489, 492 (E.D. Va. 2005). "[T]he relief of vacatur is equitable in nature," *Valero*, 211 F.3d at 118, and the decision to grant or deny a Rule 60(b)(6) motion is committed to a district court's sound discretion, *Neumann*, 398 F. Supp. 2d at 492.

It is well-settled that extraordinary circumstances warranting vacatur "do not include the mere fact that the settlement agreement provides for vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994); *see also Valero*, 211 F.3d at 121 (holding that the *Bancorp* considerations are relevant to a district court's vacatur decision under Rule 60(b)(6)). Courts have consistently denied Rule 60(b)(6) motions where the parties have reached a settlement agreement conditioned on the vacatur of a prior final judgment order. *See Neumann*, 398 F. Supp. 2d at 491; *Bailey v. Blue Cross/Blue Shield*, 878 F. Supp. 54, 55 (E.D. Va. 1995). Here, the parties have settled; even though the appeal is still pending, the parties may nonetheless move for voluntary dismissal in the Court of Appeals pursuant to Rule 42 of the Federal Rules of Appellate Procedure. "Where mootness results from settlement . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." *U.S. Bancorp*, 513 U.S. at 25.

"Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court

-4-

concludes that the public interest would be served by vacatur." *Bancorp*, 513 U.S. at 26. Defendant offers no example of how the public interest might be served by vacatur in this case. While granting vacatur might save the parties the time and expense of prosecuting the instant appeal, the precedent it might set would not conserve judicial resources and costs in the long run:

> [P]ost-judgment vacatur may facilitate settlement in some cases, with attendant economies for the appellate courts. Yet, it is far from clear that post-judgment vacatur, if granted with any regularity, would conserve judicial resources overall. To the contrary, were post-judgment vacatur readily available, many litigants might thereby be encouraged to forego settlement early in the litigation process, hoping either to prevail at trial or failing that, to bargain away any adverse decision with a settlement conditioned on vacatur. In this way, settlement conditioned on post-judgment vacatur, in sharp contrast to pre-judgment settlement, hardly results in conserving judicial resources.

*Neumann*, 398 F. Supp. at 493.

The settlement the parties have reached in this matter does not change the factual allegations that were presented to the Court or the legal reasoning and analysis supporting the opinions and orders that Defendant now seeks to have vacated. "[F]ederal courts exist not just to bring peace between warring parties, but more importantly to give expression and force to the rules and principles (and hence values) embodied in the governing law, including statutes and judicial precedent." *Neumann*, 398 F. Supp. 2d at 493. The opinions and orders of October 8, 2008, November 20, 2008, and November 21, 2008, represent not just the resolution of Plaintiff's claims against Defendant, but an application of legal rules and principles that have been, and may be, relied on by other courts. While Defendant's desire to eliminate any potential precedential or persuasive effects of the Memorandum Opinion and Order of October 8, 2008, is understandable, the appropriate avenue for doing so is its appeal to the Fourth Circuit. *See Neumann*, 398 F. Supp. at 493. Otherwise, as previously observed, the parties may move for voluntary dismissal in the Court of Appeals pursuant to Rule 42 of the Federal Rules of

Appellate Procedure. I repeat that Defendant offers no example of how the public interest might be served by vacatur in this case; granting Defendant's motion for vacatur in the present circumstances would render the Court "little more than an elaborate settlement mechanism." *Stolz v. Am. Int'l Life Assur. Co.*, 922 F.Supp. 435, 436 (W. D. Wash. 1996).

Because the public interest in preserving the integrity of the judiciary and conserving judicial resources outweighs Defendant's private interest in vacating the Court's opinions and orders of October 8, 2008, November 20, 2008, and November 21, 2008, the Motion to Vacate Opinions and Orders (docket no. 55) will be denied in a separate Order to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 28th day of April, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE